Wylt, J.
In the case of Henry Legendre v. W. Yan Norden et al., the defendants obtained an order of appeal, and on the fifteenth of February, 1875, filed a suspensive appeal bond, E. C. Palmer, p. p. M. S. Cox, signing as security. The authority of Cox to sign the bond for Palmer was questioned in a rule to set aside the appeal for want of a proper surety on the appeal bond. Thereupon Palmer filed the follow *307 ing affidavit: “My name is signed to the bond of appeal in this case by M. S. Cox. He holds my general and special power of attorney, though it may not cover the right to sign for me as surety. I, however, ratify and confirm his action in the premises, and adopt the signature of my name made by him, as if made by me. I had myself already signed a like bond to be filed in this suit, which had been mislaid, and I was absent from the State when it became necessary from lapse of time that the bond should be filed.”
The court maintained the rule and set aside the appeal. Thereupon appellants sought and obtained from this court tbe prohibition by which the ruling of the district judge is now brought up for review.
We think the judge erred. The bond was signed by M. S. Cox, as agent for E. C. Palmer. If he had no authority to bind Palmer he certainly bound himself, and it is not shown that he is not solvent and good as a surety for the amount of the bond, which is forty-four hundred dollars. He now incurs this responsibility no longer, because Palmer has, in express terms, ratified his action in the premises.
Appellee in the case stated, has not, therefore, been without a surety presumably good and sufficient to protect his interest pending the appeal; he has no cause to complain.
It is therefore ordered that the prohibition herein be made perpetual, Henry Legendre paying costs of this proceeding.